UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TODD ANTHONY VINET                          CIVIL ACTION

VERSUS                                      NO. 18-9527

BP EXPLORATION & PRODUCTION, INC. ET AL.    SECTION "R" (2)

## ORDER AND REASONS ON MOTION

Todd Vinet was employed as a clean-up worker after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Complaint, Record Doc. No. 1. Plaintiff filed his complaint pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179. As a member of the BELO settlement class, plaintiff seeks compensatory damages and related costs for later-manifested physical conditions that he allegedly suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 1 at ¶ 17.

Defendants' Motion to Compel Discovery Responses, Record Doc. No. 19, is now pending before me. Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. No memorandum in opposition to the motion has been received. Accordingly, this motion is deemed to be unopposed. However, it appearing to the court that the motion has merit only in part, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

Fed. R. Civ. P. 26(b)(1) provides, in pertinent part, that ". . . [p]arties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense and proportional to the needs of the case</u> . . . ." (emphasis added). Defendants seek an order compelling responses to Interrogatories Nos. 8, 16, and 17 and Requests for Production Nos. 18, 19, and 33, and the sworn verification by plaintiff himself as to all answers, as required by Fed. R. Civ. P. 33(b)(1)(A), (3) and (5).

As an initial matter, defendant's motion is granted insofar as it seeks verification of all interrogatory answers. The copy of the interrogatory answers provided to me in connection with this motion does not include plaintiff's verification of his answers, sworn under oath and signed by him, as required by Fed. R. Civ. P. 33(b)(1)(A), (3) and (5). The required verification must be provided.

Defendants' motion is granted as to Interrogatory No. 8 and Request for Production No. 18. In his complaint, plaintiff alleges that he suffered various kinds of damages, Record Doc. No. 1 at ¶ 17, and these requests simply seek a precise damages computation and documentation supporting plaintiff's damages claims. <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii) (requiring disclosure of such information). No objections to these requests were asserted, and the information sought in these requests is fundamental, clearly relevant and proportional to both plaintiff's damages claims and defendant's

defenses to those claims. The time for plaintiff to provide this basic information is now, and he must fully and completely supplement these responses as provided below.

Defendant's motion is granted in part and denied in part as to Interrogatory No. 16. This overly broad interrogatory seeking information concerning "<u>any claims or lawsuits</u> filed by you or own your behalf . . . personal injury or illness claims . . . insurance or worker's compensation policy or for Social Security benefits . . . bankruptcy claims or filings . . . bankruptcy trust claims or submissions . . . personal injury trust claims or submissions . . . any settlement of any claims (<u>whether at issue in this lawsuit or otherwise</u>)," Record Doc. No. 19-3 at p. 14 (emphasis added), includes much that is wholly irrelevant and not proportional to any claim or defense. Thus, the motion is denied insofar as it seeks an answer providing all of the requested information. Defendant's motion is granted in part as to the payment Vinet received through the Deepwater Horizon Medical Benefits Claims Administrator. The amount of that payment is relevant and discoverable in this BELO litigation that directly involves the medical benefits settlement process. Plaintiff must supplement this answer to provide the date and amount of this payment.

Defendants' motion is also granted in part and denied in part as to Interrogatory No. 17. Defendants' motion fails to cite any case law or explain why or how plaintiff's <u>arrest</u> record might be relevant to the claims or defenses of any party. My review of the

pleadings has identified no such relevance. Decisions in which discovery of arrest records (as opposed to admissible criminal <u>convictions</u> under Fed. R. Evid. 609) has been permitted appear to be cases in which the party's ongoing criminal record and extensive criminal activities are clearly essential issues in the case itself; as for example, when the party himself is alleged to be a fraud or to be committing such a fraud. Compare <u>Dotson v. Bravo</u>, 202 F.R.D. 559 (N.D. Ill. 2001), <u>aff'd</u>, 321 F.3d 663 (7th Cir. 2003) and <u>In re: Amtrak "Sunset Limited" Train Crash</u>, 136 F. Supp. 1251 (S.D. Ala. 2001), <u>aff'd sub nom</u>, <u>In re: Amtrak</u>, 29 Fed. App'x 575 (11th Cir. 2001), with <u>EEOC v. Area Erectors, Inc.</u>, 247 F.R.D. 549, 553 (N.D. Ill. 2007) (in an employment discrimination case, claimants' arrest records were <u>not</u> discoverable by a defendant who failed "to articulate some particularized suspicion that a claimant may have been arrested for work related misconduct . . . [W]ithout a particularized showing, the speculative benefit of such a wide sweeping inquiry is outweighed by the threat of annoyance, embarrassment and oppression"). In the instant case, I cannot discern, in the absence of any explanation by the moving party and based solely upon my review of the pleadings, any relevance in plaintiff's arrest record. Thus, the motion is denied insofar as it seeks <u>all</u> information requested in this interrogatory. Defendants' motion is granted in part, however, insofar as it seeks information pertaining to his criminal <u>convictions</u>, if any, of the type described

in Fed. R. Evid. 609(a), which may be admissible at trial as relevant to plaintiff's credibility.

Defendants' motion is granted in part and denied in part as to Request for Production No. 19, subject to the order contained herein. On one hand, plaintiff's complaint expressly seeks compensation for the following damages: ". . . (g) lost earnings and damage to wage-earning capacity, (h) other economic loss; . . . ." Record Doc. No. 1 at p. 5, ¶ 17. On the other hand, in conflict with his pleading, plaintiff's objection to this request states that he "has not claimed lost wages." Record Doc. No. 19-3 at p. 27. Plaintiff must make up his mind. If he pursues any sort of earnings or economic loss claim in this case, a full and complete response to this request must be provided. If he abandons his lost earnings and economic loss claim asserted in his complaint, he must file in the record and provide defendant with his affidavit clearly saying so by the deadline set out below.

Defendant's motion is granted in part and denied in part as to Request for Production No. 33. Plaintiff's objection to Item (d), which the court extends to closely related Item (b), is sustained for the same reasons but subject to the same affidavit requirement concerning abandonment of his lost earnings/economic loss claim set out above. However, if plaintiff pursues his lost earnings/economic loss claims, he must provide this authorization, together with all other requested authorizations which he has not

yet provided and as to which he has not objected. See Lischka v. Tidewater Services, Inc., 1997 WL 27066, *2 (E.D. La. Jan. 22, 1997) (Vance, J.) and various decisions cited therein (Rule 34 does permit requests for execution of records release forms, with concomitant power to compel their production.).

IT IS ORDERED that, no later than **June 12, 2019**, plaintiff must produce to defendants the interrogatory answers, verification of interrogatory answers, written responses to requests for production, together with actual production of all responsive documents, and file and serve the affidavit concerning abandonment of his lost earnings/economic loss claim, if appropriate, all as ordered herein.

New Orleans, Louisiana, this _____29th_____ day of May, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE